# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEOTECH PRODUCTS LLC | |
| Plaintiff, | CASE NO. _____ |
| v. | |
| SANDBOX MEDICAL, LLC | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Neotech Products LLC ("Neotech"), by and through its undersigned attorneys, files the following Complaint for Patent Infringement against Defendant Sandbox Medical, LLC, and in support thereof alleges:

## JURISDICTION AND VENUE

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, et seq., and in particular § 271.

2. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because it is a limited liability company formed and existing under the laws of the State of Delaware.

4. Venue lies in this judicial district pursuant to 28 U.S.C. §1400(b).

## THE PARTIES

5. Plaintiff Neotech is a limited liability company organized and existing under the laws of the California, with its principal place of business at 28430 Witherspoon Parkway, Valencia, California 91355.

6. Plaintiff is informed and believes and on that basis alleges that Defendant Sandbox Medical, LLC ("Sandbox") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 750 Corporate Park, Pembroke, Massachusetts 02359.

## GENERAL ALLEGATIONS

7. Since at least as early as 1987, Neotech has been in the medical devices industry, particularly for neonatal products for nurses, doctors, and parents, including the development, manufacture, and distribution of aspirators.

8. Plaintiff Neotech is informed and believes and on that basis alleges that Defendant Sandbox is engaged in the business of developing, manufacturing, and/or distributing medical products, including suction devices, e.g., aspirators, that substantially copy product designs and features used by others in the medical device industry.

## **FIRST CAUSE OF ACTION**

(Infringement of U.S. Patent No. 6,958,050)

9. Plaintiff Neotech incorporates by reference the allegations contained in paragraphs 1-8 above.

10. Plaintiff Neotech is the owner of the entire right, title, and interest in and to United States Patent No. 6,958,050 ("the '050 Patent") for a Nasal/Oral Aspiration Device. The '050 Patent was duly and legally issued by the United States Patent Office on October 25, 2005 and is valid, subsisting, and in full force and effect. A copy of the '050 Patent is attached to the Complaint as **Exhibit A**.

11. Plaintiff Neotech is informed and believes and on that basis alleges that Defendant Sandbox has had knowledge of the '050 Patent, and of the Neotech's rights therein, at least as early as April 2015.

12. Plaintiff Neotech is informed and believes and on that basis alleges that Defendant Sandbox has directly infringed, literally or under the doctrine of equivalents, the '050 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling various forms of a multipurpose suction device embodying one or more of the inventions claimed in the '050 Patent, within and/or from the United States without permission or license from Neotech, and will continue to do so unless enjoined by this Court.

13. Examples of Defendant Sandbox's multipurpose suction device products that directly infringe the '050 Patent include, but are not limited to, the Boogie Baby Nasal Aspirator having a preemie tip, a standard tip, or a flair tip. Such products infringe at least claims 1 and 3-10 of the '050 Patent. A copy of Defendant Sandbox's website showing the Boogie Baby Nasal Aspirators (as of September 26, 2017) is attached to the Complaint as **Exhibit B**.

14. Plaintiff Neotech is informed and believes and on that basis alleges that Defendant Sandbox has contributed to the infringement of the '050 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement, literally or under the doctrine of equivalents, of the '050 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling various forms of a multipurpose suction device having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '050 Patent, within and/or from the United States without permission or license from the Plaintiff, and will continue to do so unless enjoined by this Court.

15. Examples of Defendant Sandbox's multipurpose suction device products that have no substantial non-infringing uses and that contribute to the direct infringement of the '050 Patent include, but are not limited to, the Boogie Baby Nasal Aspirator having a

preemie tip, a standard tip, or a flair tip. Such products contribute to the infringement of at least claim 2 of the '050 Patent.

16. Plaintiff Neotech is informed and believes and on that basis alleges that having knowledge of the '050 Patent, Defendant Sandbox has been aware that its Boogie Baby Nasal Aspirator having a preemie tip, a standard tip, or a flair tip, when purchased and/or used by its customers, will result in direct infringement, literally or under the doctrine of equivalents, of one or more of the inventions claimed in the '050 Patent. Defendant Sandbox states on its website (www.sandboxmedical.com) that the Boogie Baby Nasal Aspirator is an "economical & easy to use oral & nasal suction device" and describes the products as "a non-invasive suction device." In addition, the packaging for Defendant Sandbox's Boogie Baby Nasal Aspirators instructs users to "connect to standard suction line" and "set suction pressure and use per hospital protocol".

17. As such, Defendant Sandbox knows that its Boogie Baby Nasal Aspirators have no substantial non-infringing uses other than to provide users with the ability to operatively connect a suctioning source in a way that infringes, literally or under the doctrine of equivalents, at least claim 2 of the '050 Patent, and therefore that they are especially made or adapted for use in infringement of the '050 Patent.

18. As a direct and proximate result of the foregoing acts of Defendant Sandbox, Plaintiff Neotech has suffered, and is entitled to, monetary damages in an amount not yet determined. Plaintiff Neotech is also entitled to its costs of suit and interest.

19. Defendant Sandbox's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon Plaintiff Neotech.

20. Plaintiff Neotech has no adequate remedy at law. Plaintiff Neotech is entitled to preliminary and permanent injunctions enjoining Defendant Sandbox from engaging in further acts of infringement.

21. Plaintiff Neotech is informed and believes and on that basis alleges that this is an exceptional case insofar as the conduct of Defendant Sandbox was unreasonable, undertaken in subjective bad faith, and/or intentional or with reckless disregard as to infringement of the '050 patent. Plaintiff Neotech is entitled to its reasonable attorneys' fees pursuant to 35 U.S.C. §285.

## PRAYER FOR RELIEF

Plaintiff Neotech requests entry of judgment that:

A. The '050 Patent is valid and enforceable;

B. Defendant Sandbox is liable for infringement of the '050 Patent under at least the provisions of 35 U.S.C. § 271(a) and/or (c);

C. Defendant Sandbox and all affiliates, subsidiaries, officers, employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or for or on behalf of Defendant Sandbox, shall be enjoined from infringing the '050 Patent;

D. Defendant Sandbox shall pay damages to Plaintiff Neotech resulting from Defendant Sandbox's patent infringement pursuant to 35 U.S.C. § 284;

E. Plaintiff Neotech be entitled to prejudgment interest and post-judgment interest on the damages; and

F. The present case be judged an exceptional case within the meaning of 35 U.S.C. §285 and that Plaintiff Neotech be awarded its reasonable attorneys' fees and costs pursuant thereto;

G. Plaintiff Neotech be awarded such other and further relief, in law or in equity, as the Court deems just, equitable or appropriate.

Respectfully submitted:

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: ______________________
Gary W. Lipkin (DE No. 4044)
Brian E. O'Neill (DE No. 6315)
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801
302-574-7400
glipkin@eckertseamans.com
boneill@eckertseamans.com

*Attorneys for Plaintiff*

Dated: September 29, 2017

**OF COUNSEL:**

John E. Kelly, Esquire (*pro hac vice* application pending)
Michael A. DiNardo, Esquire (*pro hac vice* application pending)
**KELLY & KELLEY, LLP**
6320 Canoga Ave, Suite 1650
Woodland Hills, CA, 91367
JohnK@Kelly-KelleyLaw.com
Mike@Kelly-KelleyLaw.com
Office: 818-347-7900
Fax: 818-340-2859

*Attorneys for Plaintiff Neotech Products LLC*